IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02095-OES

PHILLIP J. VIGIL,

     Plaintiff,

v.

SHERIFF TERRY MAKETA, Personal/Professional,
COMANDER [sic] MISTRATA, Personal/Professional,
COMANDER [sic] PRESLEY, Personal/Professional,
LIEUTENANT KING, Personal/Professional,
LIEUTENANT BILLIARD, Personal/Professional,
LIEUTENANT DeLUCA, Personal/Professional,
SERGEANT STRASNER, Personal/Professional,
SERGEANT NASS, Personal/Professional,
SERGEANT MACK, Personal/Professional,
UNKNOWN NAMED DEPUTY, Personal/Professional,
UNKNOWN NAMED DEPUTY 2, Personal/Professional,
UNKNOWN NAMED DEPUTY 3, Personal/Professional,
CORRECTIONAL HEALTHCARE MANAGEMENT, in part/in it's entirity [sic],
SERGEANT HABERT, Personal/Professional,
DEPUTY HUFFAR, Personal/Professional,
DEPUTY LYLES, Personal/Professional, and
LIZ O'NEIL, Personal/Professional,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 7 2005

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff is incarcerated at the El Paso County Criminal Justice Center in

Colorado Springs, Colorado. On October 12, 2005, Plaintiff filed a *pro se* Prisoner

Complaint pursuant to 42 U.S.C. § 1983. Subsequently on October 31, Plaintiff filed an

Amended Complaint.

Prior to a responsive pleading being served, a Plaintiff may amend a complaint once as a matter of course pursuant to Fed. R. Civ. P. Rule 15(a). An amended complaint supersedes the original complaint. *See Balance v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *Cameron v. Figwort*, 705 F.2d 676 (2nd Cir. 1983); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981); 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1476 (1990).

The Court, therefore, will review the Amended Complaint and construe the document liberally, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Second Amended Complaint.

The Court has reviewed the Amended Complaint and finds that it is deficient, because Plaintiff fails to allege facts that demonstrate how each Defendant personally participated in the asserted violations of his rights. Plaintiff asserts three claims complaining about the lack of medical care and the failure of jail staff to adequately protect him from other inmates. Although he mentions some of the Defendants in connection with these claims, he fails to allege specific facts to demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Plaintiff will be ordered to file a Second Amended Complaint to clarify how each Defendant personally participated in the alleged constitutional violations.

Plaintiff also will be ordered to state how he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the

3

burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Plaintiff has not exhausted administrative remedies with respect to each claim he asserts, the entire complaint must be dismissed.

Plaintiff has not submitted copies of any administrative grievances and he fails to describe with specificity the steps he has taken to exhaust administrative remedies for each of the claims he raises. The action will be dismissed if he fails to do so in the Second Amended Complaint.

Plaintiff also should take note that he may use fictitious names, such as "John Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Vigil uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** a Second Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of the Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Second Amended Complaint to serve each named Defendant. It is

4

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an original and sufficient copies of a Second Amended Complaint that complies with the Order to the Court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this ___ day of _____November_____, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02095-OES

Phillip J. Vigil
Prisoner No. A00212452
CJC
2739 E. Las Vegas Street
Colorado Springs, CO 80906

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11 7 05

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk